UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS BROCK,

    Plaintiff,

vs                                                                     Case No: 10-12100
                                                                       Honorable Victoria A. Roberts

ENTERPRISE LEASING COMPANY
OF DETROIT, LLC,

    Defendant.
_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendant Enterprise Leasing Company of Detroit, LLC's "Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)." (Doc. #12).

Defendant's motion is **DENIED**.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

    **A.    Background**

Plaintiff Demetrius Brock ("Brock") was terminated from Enterprise Leasing Company of Detroit, LLC ("Enterprise") on June 17, 2009. On or about May 8, 2003, Brock and other Enterprise employees brought an action against Enterprise alleging the company denied them promotional opportunities because they were African American. In February 2008, Brock resolved his action with Enterprise and the case was dismissed in March, 2008. At the resolution

of his suit, Brock was the only plaintiff in the case still employed by Enterprise; he was a branch manager for one of the company's leasing centers in Detroit, Michigan.

On June 17, 2009, Enterprise terminated Brock's employment. Shortly thereafter, Brock filed a complaint against Enterprise, alleging he was fired because of his involvement in the prior suit against the company.

Enterprise argues that, after removing the complaint's conclusory allegations, Brock's retaliation claims set forth in his complaint fail the plausibility pleading standard. Specifically, Enterprise states the claims lack specific factual allegations to make Enterprise's termination of Brock, a plausible retaliatory act. According to Enterprise, Brock's retaliation claims state a mere possibility, and are insufficient to survive a 12(b)(6) motion to dismiss.

In response, Brock states his retaliation claims are supported by factual allegations. Brock highlights (1) the time between his prior suit's resolution and the beginning of continued hostility towards him until his termination, (2) his supervisors' lack of support for Brock's below average ESQI scores (customer satisfaction ratings), and (3) the inconsistencies in comparative employee treatment during the time in question.

### B. Procedural History

On July 7, 2010, Brock filed his First Amended Complaint claiming race discrimination and retaliation in violation of 42 U.S.C. § 1981 and the Elliott-Larsen Civil Rights Act, MCL § 37.2101 *et seq*. On July 21, 2010, Enterprise filed a motion to dismiss Brock's First Amended Complaint. On August 10, 2010, this Court denied the motion and ordered that Brock file a second amended complaint. On August 20, 2010, Brock did that. The Second Amended Complaint includes Counts I and III for race discrimination, and Counts II and IV for retaliation

pursuant to 42 U.S.C. § 1981 and Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*. On September 7, 2010, Enterprise filed a motion to dismiss Counts II and IV of the Second Amended Complaint.

## III. STANDARD OF REVIEW

In determining whether to grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). "Determining plausibility is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Kasten v. Ford Motor Co.*, No. 09-11754, 2009 U.S. Dist. LEXIS 101348 (E.D. Mich. Oct. 30, 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009)). Although it is unnecessary to include detailed factual allegations in the complaint, it must contain more than bare legal conclusions or a recitation of the elements of a cause of action to survive dismissal under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must state a claim for relief that is plausible, not just possible. *Iqbal*, 129 S. Ct. at 1949-50.

## IV. APPLICABLE LAW AND ANALYSIS

### A. RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

It is a violation of 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, to retaliate or discriminate against a person because the person participated in a complaint of racial discrimination and/or opposed racial discrimination. To establish retaliation under 42 U.S.C. § 1981, a plaintiff must show (1) that the he or she engaged in a protected activity; (2) an adverse

3

employment action was suffered; and (3) the adverse action occurred because of the protected activity. *Moore v. Kuka Welding Sys.*, 171 F.3d 1073, 1080 (6th Cir. 1999).

The causation element is the only element at issue here. "The causal connection between the adverse employment action and the protected activity . . . may be established by demonstrating that the adverse action was taken shortly after plaintiff filed the complaint, and by showing that he was treated differently from other employees." *Moore*, 171 F.3d at 1080. Although no one factor is dispositive in establishing a causal connection, evidence that the defendant treated the plaintiff differently from identically situated employees, or that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation. The burden of establishing a prima facie case in a retaliation action is not onerous, but one easily met." *Riccardi v. Vanderbilt Univ. Med. Ctr.*, 2007 U.S. Dist. LEXIS 57976 (M.D. Tenn. Aug. 8, 2007); *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir. 1997).

Enterprise relies on a number of cases to support its argument that the time between the filing of Brock's original suit against Enterprise and his termination, is too long to show retaliatory intent. This Court disagrees.

In *Woodmanesee v. Mascorro*, No. 99-1296, 2000 U.S. App. LEXIS 1509, at *2 (6th Cir. Feb. 2, 2000), Woodmansee was a prisoner in a Michigan state correctional facility. He alleged he was charged with conspiring to escape because he filed a complaint concerning a violation of his visitation privileges. *Id.* at *2. The appellate court affirmed the trial court's decision to dismiss the complaint because the only evidence showing a connection between the grievance and the conspiracy charge was the seven months between the protected conduct and the alleged retaliation. *Id.* at *4.

4

In *Kelly v. Municipal Courts of Marion County, Indiana*, 97 F.3d 902, 912 (7th Cir. 1996), the court affirmed a summary judgment ruling where the only evidence of a connection between the protected activity and termination of employment was a four month period. In *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985), a prisoner filed suit against the correctional facility for deliberate indifference towards his medical needs. *Id.* Five months later, the prisoner sued for retaliation when the facility moved him to another cell. *Id.* The court held the five month delay between the protected action and what the court found not to be an adverse action greatly weakened any inference of retaliation. *Id.*

Here, there is proximity between the resolution of Brock's previous lawsuit and the beginning of retaliatory activity, and Brock alleges additional facts which make his retaliation claim plausible.

Brock was the only remaining employee after the resolution of the first suit, and Brock's Regional Vice President, Kevin Moore ("Moore") was aware that Brock was a plaintiff in the prior lawsuit because Moore had direct involvement in that case. He also gave deposition testimony. Moore was a decisionmaker in Brock's firing.

Although Brock's ESQI scores were below average for a few months before his termination, his branch continually improved during his tenure. The branch's income growth and rent growth increased almost every month while under his supervision. These alleged facts buttress Brock's retaliation claim; it seems unusual that a manager would be terminated strictly for having below average ESQI scores when the manager had increased income and rental growth almost monthly while in the position.

Evidence that Allsbrooks' and Moore's lack of support led to Brock's unsatisfactory

ESQI rating also makes a retaliation claim plausible, rather than merely possible. Allsbrooks and Moore initially refused to accommodate Brock's request to transfer a problem employee, and replaced the employee with another problem employee. Further, when Brock's branch had inadequate staffing levels, Brock alleges that Allsbrooks and Moore refused to provide staffing when Brock brought the situation to their attention.

Along with the proximity between the protected action and the beginning of hostility between Brock and Enterprise, Brock also alleged that he was treated differently than other similarly situated employees. He says that comparable employees with customer satisfaction scores below the company average during the time in question were not terminated. This allegation fits directly into the establishment of a causal connection between Brock's termination and his participation in the protected activity. *Moore*, 171 F.3d at 1080 (explaining that a causal connection can be established by showing that other employees were treated differently).

Although some allegations within Brock's Second Amended Complaint are conclusory, he states enough facts to make it plausible that his termination from Enterprise was retaliatory. Enterprise's motion is denied on this claim.

### B.     RETALIATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

Pursuant to M.C.L. 37.2701 of the Elliott-Larsen Civil Rights Act ("ELCRA"), it is unlawful for a person or persons to "retaliate or discriminate against a person because the person has made a charge, testified, assisted, or participated in an investigation, proceeding or hearing, under this act." M.C.L. 37.2701. In order to establish retaliation under ELCRA, the plaintiff must demonstrate that (1) he participated in an activity protected by the Act, and (2) his opposition or participation was a "significant factor" in the adverse employment action.

The causation element is, again, the only element at issue. "To establish causation, the plaintiff must show that his participation in [the] activity protected by the Civil Rights Act was a 'significant factor' in the employer's adverse employment action, not just that there was a causal link between the two." *Barrett v. Kirtland Community College*, 628 N.W.2d 63, 70 (Mich. Ct. App. 2001); *Jacklyn v Schering-Plough Healthcare Products Sales Corp.*, 176 F.3d 921, 929 (6th Cir. 1999). A causal connection can be established through circumstantial evidence, such as proximity between the protected activity and adverse actions, so long as the evidence enables a reasonable fact-finder to infer that an action had a discriminatory or retaliatory basis. *See Taylor v. Modern Engineering, Inc.*, 653 N.W.2d 625, 629-30 (Mich. 2002); *see also Town v. Michigan Bell Telephone Co.*, 568 N.W.2d 64, 68-69 (Mich. 1997).

Brock only has to plead facts that would make such an allegation plausible. Whether Brock's involvement in the previous suit was a significant factor in his termination is a question for the trier-of-fact to decide, not a pleading requirement necessary to survive a 12(b)(6) motion to dismiss. Similar to the specific factual allegations pled in support of the federal retaliation claim, facts pled in support of the ELCRA claim make it plausible there was a causal connection between Brock's participation in the original lawsuit and his termination from Enterprise. This claim survives the plausibility standard set forth in *Iqbal*; Enterprise's motion is denied on this claim.

### III. CONCLUSION

Enterprise's motion to dismiss Brock's Second Amended Complain pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**.

**IT IS ORDERED.**

                                                             s/Victoria A. Roberts
                                                             Victoria A. Roberts
                                                             United States District Judge

Dated: December 21, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 21, 2010.
>
> s/Linda Vertriest
> Deputy Clerk